IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE FLORES,<br><br>         Plaintiff,<br><br>    v.<br><br>WORK NOW HAWAII,<br><br>         Defendant. | CIV. NO. 26-00344 JMS-WRP<br><br>ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS, AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND**

**I.  INTRODUCTION**

On July 6, 2026, pro se Plaintiff Valerie Flores ("Plaintiff") filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("In Forma Pauperis ('IFP') Application"), ECF No. 2, along with a Complaint against Work Now Hawaii ("Defendant"), ECF No. 1.  Based on the following, the court GRANTS the IFP Application.  But, screening the Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court DISMISSES the Complaint with leave to amend by August 17, 2026, for failure to state a claim.

## II.  <u>IFP APPLICATION</u>

Federal courts may authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating that he is unable to pay such costs or give such security.  *See* 28 U.S.C. § 1915(a)(1).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

When reviewing a motion pursuant to § 1915(a), the court must determine whether a plaintiff has alleged poverty "with some particularity, definiteness and certainty."  *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  "There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status."  *Id*. at 1235. Although § 1915(a) does not require a litigant to demonstrate "absolute[] destitut[ion]," *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that she is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).

The court has reviewed Plaintiff's IFP Application and determines that Plaintiff has made the required showing under 28 U.S.C. § 1915(a) to proceed

in forma pauperis (i.e., without prepayment of fees).  The court therefore grants the IFP Application.

### III.  <u>BACKGROUND</u>

Plaintiff seeks damages for employment discrimination and asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin) ("Title VII"); the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"); and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA").  ECF No. 1 at PageID.16.

Plaintiff alleges that in February 2025, Defendant failed to hire Plaintiff, *id*. at PageID.17, failed to accommodate her physical disability (of "neck, back, feet, asthma"), and "[failed] to help . . . with requirements of the job like the requirement of having a car for the job," *id*.  Plaintiff also alleges she was a "victim of domestic violence . . . on an address confidentiality program."  *Id*. at PageID.16. Plaintiff requests relief in the amount of $4 million.  *Id*. at PageID.18.

### IV.  <u>STATUTORY SCREENING</u>

The court must screen each civil action commenced under 28 U.S.C. § 1915(a) and order the dismissal of any complaint that is "frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.

§ 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (stating that § 1915(e) "not only permits but requires" the court to dismiss sua sponte an IFP complaint that fails to state a claim).  When screening a complaint for failure to state a claim under § 1915(e)(2)(B), the court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

A "frivolous" case has been defined as one which is based upon an indisputably meritless legal theory, *see Anders v. California*, 386 U.S. 738, 744 (1967); *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or lacks "an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint should be dismissed if, even when its well-pleaded factual allegations are taken as true and viewed in the light most favorable to the plaintiff, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In screening a complaint, the court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See*

4

*Lopez*, 203 F.3d at 1130.  But if amendment would be futile, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## V.  DISCUSSION

### A.    Employment Discrimination Under Title VII, the ADEA, and the ADA

#### 1.    *Title VII*

Title VII prohibits employers from refusing to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, or privileges of employment because of her race, color, religion, sex, or national origin.  42 U.S.C. § 2000e-2.  Generally, a Title VII disparate treatment claim requires a plaintiff to allege that she: (1) is a member of a protected class; (2) was qualified for the position; (3) experienced an adverse employment action; and (4) similarly situated individuals outside a plaintiff's protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.  *Brown v. Alaska Airlines, Inc.*, 179 F.4th 707, 718 (9th Cir. 2026); *Duke v. City Coll. of S.F.*, 445 F. Supp. 3d 216, 232 (2020).

#### 2.    *The ADEA*

Under the ADEA, an employer may not unlawfully fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual

with respect to her compensation, terms, conditions, or privileges of employment, because of her age.  29 U.S.C. § 623.  Generally, a claim under the ADEA requires a plaintiff to show: (1) membership in the protected group (age 40 or older); (2) qualification for the position or satisfactory job performance; (3) an adverse employment action; and (4) circumstances giving rise to an inference of age-based discrimination, such as replacement by a "substantially younger employee[] with equal or inferior qualifications." *Opara v. Yellen*, 57 F. 4th 709, 722 (9th Cir. 2023).

### 3.    *The ADA*

The ADA prohibits covered entities (such as an employer) from discriminating against a qualified individual on the basis of disability in regard to hiring, advancement, discharge, compensation, job training, and other terms, conditions, and privileges of employment.  42 U.S.C. § 12112(a).  A qualified individual is defined as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that she holds or desires." *Id*. § 12111(8).  Generally, a prima facie claim requires a plaintiff to show that she: (1) had a disability—a physical or mental impairment that substantially limits one or more major life activities, a record of such impairment, or being regarded as having such an impairment; (2) was qualified for

the position; and (3) suffered discrimination because of the disability.  *EEOC v. BNSF Ry. Co.*, 902 F.3d 916, 922 (9th Cir. 2018).

**B.     Application**

The court finds that the Complaint's allegations are too vague and conclusory to state a plausible claim for relief.  For example, although Plaintiff alleges that she has membership in all the protected classes ("caucasian . . . white . . . female . . . Buddhist/Native American spiritualism/some Muslim practice . . . US citizen . . . [born in] 1980" and "disability" to her "neck, back, feet" and asthma, ECF No. 1 at PageID.17, she fails to allege what position she applied for, whether she was qualified for the position, an adverse employment action, and a causal nexus between any of the alleged protected characteristics and the alleged adverse action.

Further, Plaintiff's allegations are contradictory and nonsensical.  She alleges that Defendant failed to hire her but also failed to accommodate her disability and failed to help her with the "requirements of the job like. . . having a car"—as if Plaintiff had been hired, but not accommodated.  *See id*.  The Complaint contains no allegations addressing the type of job or why a car would be required.

Finally, the Complaint contains no further allegations pertaining to Plaintiff purportedly being the "victim of domestic violence & on an address

confidentiality program."  She alleges no violation of any federal law, nor any details about domestic violence and how this would relate to any conduct by Defendant.

The Complaint is simply too vague and conclusory to state a plausible claim for relief.  As a result, the court DISMISSES the complaint, but does so with leave to amend.[1]

## VI.  <u>LEAVE TO AMEND</u>

Plaintiff's Complaint is DISMISSED as detailed above pursuant to 28 U.S.C. § 1915(e)(2).  Because the court cannot say that it would be futile for Plaintiff to allege sufficient facts to state her claims, the court grants Plaintiff leave to amend the Complaint on or before August 17, 2026, in an attempt to cure the deficiencies identified in this Order.  Plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii if she amends her pleading.  And the amended complaint must be designated as an "Amended Complaint."  An amended complaint generally supersedes the original complaint. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  The court will not refer to the original complaint to make an amended complaint

---

[1] Plaintiff has previously been put on notice as to the requirements of pleading in federal court.  In the Northen District of New York, Plaintiff is subject to a February 4, 2026 Pre-Filing Order based, at least in part, on the filing of 43 cases within that district.  *See* ECF No. 1 in *In Re: Valerie Flores*, 1:26-pf-00001-BKS.

complete, although it will not ignore contradictory statements of fact between an original and amended complaint. Local Rule 10.4 requires that an amended complaint be complete in itself without reference to any prior pleading.

Defendants not named in the caption and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("[C]laims dismissed with prejudice [need not] . . . be repled in a[n] amended complaint to preserve them for appeal . . . [b]ut . . . claims [that are] voluntarily dismissed [are] . . . waived if not repled."). If Plaintiff chooses to file an amended complaint, she must write short, plain statements telling the court: (a) the constitutional or statutory right Plaintiff believes was violated; (b) the specific basis of this court's jurisdiction; (c) the name of the defendant who violated that right; (d) exactly what that defendant did or failed to do; (e) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (f) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant. And Plaintiff may include only one claim per count.

## VII.  <u>CONCLUSION</u>

For the reasons stated:

(1)   The IFP Application, ECF No. 2, is GRANTED;

(2)     The Complaint, ECF No. 1, is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B);

(3)     Plaintiff may file an amended complaint that attempts to cure the deficiencies set forth above by August 17, 2026;

(4)     Failure to amend the Complaint by August 17, 2026, and cure its pleading deficiencies will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 27, 2026.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge